UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIEL WAYNE COLLINS** | : | **DOCKET NO. 2:19-cv-1040** |
| **REG. # 12546-035** | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **RODNEY MYERS, WARDEN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241

by Daniel Wayne Collins (Collins) who is an inmate in the custody of the Bureau of Prisons and

is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.  The

Government filed a response on January 17, 2020.  Doc. 9.  Petitioner filed a reply on February 6,

2020.  Doc. 12.

This petition has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the

reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED**

**WITH PREJUDICE**.

## I.
### BACKGROUND

On July 27, 2005, Collins entered a plea of guilty in the Western District of Louisiana on

one count of conspiracy to distribute methamphetamine, a violation of 21 U.S.C. §§  841(a)(1) and

846, and one count of possession of a firearm in furtherance of a drug trafficking crime, a violation

of 18 U.S.C. § 924(c)(A)(1).   *United States v. Collins*, No. 5:04-cr-50170-004 (W.D. La.); Doc.

93. On December 15, 2005, he was sentenced to a term of 168 months imprisonment as to count one, and 60 months imprisonment as to count two, both sentences to run consecutively. *Id*. at doc. 125.

His sentence and convictions were affirmed by the United States Court of Appeals for the Fifth Circuit. *Id*. at doc. 144. The U.S. Supreme Court denied Collins' petition for certiorari. *Id*. at doc. 156.

Petitioner filed several motions to reduce sentence which were denied. *Id*. at docs. 164, 183, 191, 123, 232, 235. One of those denials is presently the subject of an appeal. *Id*. at doc. 236. Petitioner also filed a motion to vacate, set side or correct sentence under 28 U.S.C. § 2255 which was denied. *Id*. at docs. 166, 193.

Collins now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause based on the Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019).

## II.
### LAW & ANALYSIS

### A. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Collins alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or

sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Collins relies on *Davis*, *supra*, in which the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, *Davis* is of no moment here since Collins was not sentenced under Section 924(c)'s residual clause. Rather, he pled guilty under 18 U.S.C. § 924(c)(A)(1) to possessing a firearm in connection with a drug trafficking crime, rather than to using and carrying a firearm during a crime of violence. As such, the definition of "crime of violence" in the residual clause of Section 924(c)(3)(B) was and is not at issue in his case. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (finding convictions for drug trafficking crimes do not implicate the definition of crime of violence and, thus, "qualify as predicate offenses for the purposes of §

924(c)'s enhanced penalty"). Accordingly, Collins' claim based on *Davis* is frivolous as *Davis* is

not relevant to the sentence imposed in his case.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DENIED** and

**DISMISSED WITH PREJUDICE**, as lacking merit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30

(5th Cir. 1996).

THUS DONE this 5th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE